IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JIMMY LINDSEY, | : |
| Petitioner, | : CIVIL NO. 4:CV-08-0373 |
| v. | : (Judge Jones) |
| JOSEPH PIAZZA, | : |
| Respondent. | : |

## MEMORANDUM

March 4, 2008

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

Petitioner Jimmy Lindsey ("Petitioner" or "Lindsey"), an inmate presently confined at the State Correctional Institution, in Coal Township, Pennsylvania ("SCI-Coal Twp."), filed this pro se Petition for Writ of Habeas Corpus ("the Petition") pursuant to 28 U.S.C. § 2254. The required filing fee has been paid. Named as Respondent is SCI-Coal Twp. Superintendent Joseph Piazza.

Petitioner states that he was convicted of four (4) counts of rape, two (2) counts of involuntary deviate sexual intercourse, and one (1) count of burglary following a jury trial in the Columbia County, Pennsylvania Court of Common Pleas. He was subsequently sentenced to an aggregate twenty-two (22) to forty-four (44) year term of imprisonment.

Lindsey filed a direct appeal to the Pennsylvania Superior Court, which affirmed his conviction by decision dated September 25, 1996. See Commonwealth v. Lindsey, 686 A.2d 1365 (Pa. Super. Ct. 1996)(Table). The Pennsylvania Supreme Court thereafter denied relief on August 12, 1997. See Commonwealth v. Lindsey, 699 A.2d 734 (Pa. 1997)(Table).

Petitioner asserts that he next sought relief under Pennsylvania's Post Conviction Relief Act ("PCRA").[1] The trial court appointed counsel and conducted an evidentiary hearing. On April 1, 1999, the trial court denied the PCRA petition. An appeal was taken to the Pennsylvania Superior Court. The Superior Court affirmed the denial of the PCRA petition on July 21, 2000. See Commonwealth v. Lindsey, 761 A.2d 1236 (Pa. Super. Ct. 2000)(Table). A petition for allowance of appeal was filed on August 2, 2000, but it was denied. See Commonwealth v. Lindsey, 795 A.2d 972 (Pa. 2000)(Table).

Petitioner's present action initially seeks federal habeas corpus relief on the ground that the Columbia County Court of Common Pleas lacked subject matter jurisdiction because the charges lodged in the criminal complaints were "falsely flawed," "without enacting clauses," and "without approving signatures." (Rec. Doc.

---

[1] See 42 Pa. Cons. Stat. Ann. § 9541, et seq.

1, ¶ 12, GROUND ONE (a)). Petitioner's second argument for relief contends that the Court of Common Pleas has an "inability to conduct business with J. Lindsey, a flesh and blood man." Id. at GROUND TWO. As relief, Petitioner seeks dismissal of all charges and his release from custody.

To the extent that it seeks federal habeas corpus relief, Lindsey's Petition will be dismissed as a second or successive petition pursuant to 28 U.S.C. § 2244(a). However, the Motion for Leave to File a Second or Successive Habeas Corpus Petition, which is incorporated within Petitioner's action, will be transferred to the United States Court of Appeals for the Third Circuit.

## DISCUSSION:

Lindsey acknowledges that "[t]his is a second such petition to which the information raised in said petition could not have been raised previously." (Rec. Doc. 1, ¶ 18). Attached to the Petition are instructions for seeking authorization for leave to file a second or successive § 2254 petition and a Motion under 28 U.S.C. § 2244, dated February 25, 2008, that is addressed to the United States Court of Appeals for the Third Circuit. However, there is no indication that the § 2244 Motion has been granted.

The pertinent authority for dismissing successive habeas corpus petitions is

3

found in 28 U.S.C. § 2244(a) and Rule 9(b)[2] of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977), as made applicable to 28 U.S.C. § 2241 cases by Rule 1 thereof.

Prior to the 1996 amendments, § 2244 authorized dismissal of a successive habeas petition "that presented no new ground not heretofore presented and determined." McCleskey vs. Zant, 499 U.S. 467, 483 (1991). Section 2244 provided:

> (a) No circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus and the petition presents no new ground not heretofore presented and determined, and the judge or court is satisfied that the ends of justice will not be served by such inquiry.

The Supreme Court in McCleskey expanded § 2244 to also preclude a person from raising a new claim in a subsequent habeas petition that he could have raised in his first habeas petition:

> Our most recent decisions confirm that a petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his

---

[2] Rule 9(b) of the Habeas Corpus Rules provides:

> A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits, or, if new and different grounds are alleged, the judge finds that the failure of petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

4

first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice.

McCleskey, 499 U.S. at 489.

Following the 1996 amendments, Section 2244(b) now provides:

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B) (i) the factual predicate for the claim could not have been discovered previously through the existence of due diligence; and
>>
>>> (ii) the facts underlying the claim, if proven and viewed in the light as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(2) & (b)(3)(A).

Petitioner previously initiated a habeas corpus action before this Court. See Lindsey v. Gillis, Civil No.4:CV-01-699. The prior action included the following

claims: (1) his conviction was based on blood, hair, and saliva evidence obtained via an illegal search and seizure; (2) a coerced confession was used to convict him; and (3) the prosecutor engaged in misconduct: improper and inflammatory remarks made to the jury. In addition, he raised numerous claims of ineffective assistance of trial counsel. Specifically, Lindsey contended that trial counsel erred by failing to: (4) establish an alibi defense after being told about alibi witnesses; (5) procure a DNA expert; (6) object to the Commonwealth's opening argument; (7) timely seek a mistrial after the Commonwealth made inflammatory remarks; (8) put Petitioner on the stand after informing the jury that his client would testify; (9) challenge the search warrant which sought blood, saliva, and hair samples; (10) raise a challenge based on the six hour rule; (11) request a change of venue; (12) initiate a broken chain of custody argument with respect to DNA evidence; (13) challenge impeachable evidence that was not given to Petitioner; and (14) assert the issue of deliberate selective racial jury discrimination.

Lindsey's two (2) present claims, which relate to the same Columbia County conviction as his prior habeas action, were not raised in his previous petition. Moreover, Petitioner has not presented any substantive arguments as to why he failed to include his instant claims in his prior federal habeas petition. In addition, Petitioner

has failed to show that his instant claim falls within the statutory exceptions outlined above.

There is also no indication that Lindsey has been granted leave to file a second or successive habeas corpus petition by the Court of Appeals for the Third Circuit. It appears that his present pro se action may actually include such an application, though filed with this Court instead of being properly submitted to the Court of Appeals. Consequently, under the requirements set forth in § 2244(b)(2), the instant Petition cannot be entertained by this Court. However, because liberal treatment is afforded to pro se litigants, and because the present matter appears to contain a Motion for Leave to File a Second or Successive Habeas Corpus Petition, the Clerk of Court will be directed to transfer this action to the Court of Appeals for the Third Circuit.

An appropriate Order closing this action will issue on today's date.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JIMMY LINDSEY, :
:
Petitioner, : CIVIL NO. 4:CV-08-0373
:
v. : (Judge Jones)
:
JOSEPH PIAZZA, :
:
Respondent. :

## ORDER

March 4, 2008

In accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. To the extent that it seeks the issuance of a writ of habeas corpus, Petitioner's action is **DISMISSED** pursuant to 28 U.S.C. § 2244(a).

2. To the extent that it seeks leave to file a second or successive habeas corpus petition, Petitioner's action is **TRANSFERRED** to the United States Court of Appeals for the Third Circuit.

3. The Clerk of Court is directed to **CLOSE** this case.

                                        /s/ John E. Jones III  
                                        John E. Jones III  
                                        United States District Judge